**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Alexandria U. Tyler, Appellant,

v.

Samuel Thomas Snuggs Tyler, Respondent.

Appellate Case No. 2025-000375

———————

Appeal From Horry County
Douglas L. Novak, Family Court Judge

———————

Unpublished Opinion No. 2026-UP-216
Submitted April 30, 2026 – Filed May 5, 2026

———————

**AFFIRMED**

———————

Alexandria U. Tyler, of Myrtle Beach, pro se.

Samuel Thomas Snuggs Tyler, of Myrtle Beach, pro se.

———————

**PER CURIAM:**  Alexandria U. Tyler (Mother), pro se, appeals the family court's
order finding her in contempt for violating portions of her marital settlement
agreement (the Agreement) with Samuel Thomas Snuggs Tyler.  On appeal, she
argues the family court erred in amending the visitation provision in the
Agreement and in failing to consider all of the evidence she presented at the
contempt hearing.  We affirm pursuant to Rule 220(b), SCACR.

We hold Mother has abandoned all of her issues on appeal. *See Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."). Although Mother listed several authorities in the table of authorities section of her brief, she did not cite any of these authorities— other than a general citation to a clause in the United States Constitution—in the argument section. *See Butler v. Butler*, 385 S.C. 328, 343, 684 S.E.2d 191, 198-99 (Ct. App. 2009) (finding an appellant abandoned his issues on appeal when he "cited no statute, rule, or case in support of these arguments" and made "conclusory statements without supporting authority"). Moreover, Mother's argument section is predominantly a recitation of facts regarding what occurred during the contempt hearing, and her arguments are not linked to any of the issues on appeal. *See* S.C. Code Ann. § 62-1-308(e) (2022) ("The appellant's brief shall be in a format described in Rule 208(b)(1) [of the South Carolina Appellate Court Rules]."); Rule 208(b)(1)(E), SCACR ("The brief shall be divided into as many parts as there are issues to be argued. At the head of each part, the particular issue to be addressed shall be set forth in distinctive type, followed by discussion and citations of authority."). Accordingly, we hold Mother abandoned these issues on appeal.

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.